Marcelo YZAGUIRRE, Appellant,

v.

The STATE of Texas.

No. 409–97.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 26, 1997.

Chuck Lanehart, Lubbock, for appellant.

Richard Clark, Dist. Atty., Plains, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and MANSFIELD, PRICE, HOLLAND and WOMACK, Judges, joined.

Appellant was convicted of aggravated sexual assault of a child by anal intercourse. The indictment alleged that the offense occurred "on or about April 23, 1995." However, the State introduced no evidence of such conduct occurring on April 23, 1995. Instead, the State elicited testimony from the child that around the Thanksgiving holidays during the preceding year, "[appellant] put his penis in my rear," and an affirmation that he remembered "other times last year when something like this happened." Appellant's trial attorney neither objected to the testimony nor asked for a limiting instruction.

On appeal, appellant contended that the incidents prior to April 23, 1995 were extraneous offenses and that his trial attorney's failure to object to the evidence or request a limiting instruction constituted ineffective assistance of counsel. He alleged that counsel's failures resulted in prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) because, had the evidence been excluded or a limiting instruction given, there would have been no substantive evidence to support the conviction. The Court of Appeals held that, while instances of sexual conduct between appellant and the victim prior to April 23, 1995 may have been admissible, the State was entitled to their admission only for limited

purposes, and appellant would have been entitled to a limiting instruction upon request. The court further held that, by failing to request a limiting instruction, counsel allowed the evidence to be considered for all purposes. The court held that prejudice under *Strickland* was shown because a rational jury could not have convicted appellant without the complained-of evidence. Neither appellant nor the Court of Appeals provide any other reason for finding prejudice.[1]

In *Sledge v. State*, 953 S.W.2d 253 (Tex. Crim.App. 1997), we held that, when an indictment alleges that a crime occurred "on or about" a certain date, the State can rely upon an offense with a date other than the one specifically alleged so long as the date is anterior to the presentment of the indictment and within the statutory limitation period and the offense relied upon otherwise meets the description of the offense contained in the indictment. *Id.*, 953 S.W.2d at 255–56. Moreover, such an offense can be relied upon even though the State may have originally labeled it as "extraneous." *Id.* 953 S.W.2d at 256

 This case is governed by *Sledge*. In the absence of evidence that the offense occurred on April 23, 1995, the State was entitled to rely upon an instance of prior conduct occurring during the preceding year that otherwise met the description of the offense in the indictment. Hence, had counsel objected and asked for a limiting instruction, the trial court would have properly denied the objection and request as to at least one of the prior instances of conduct, and the jury would have had sufficient evidence upon which to convict the appellant. The burden of showing prejudice under *Strickland* is upon the appellant. *Chambers v. State*, 903 S.W.2d 21, 32 (Tex.Crim.App.1995). Because sufficient evidence upon which to convict appellant would have existed even absent the alleged ineffectiveness, and no other reason for finding prejudice is apparent, we find that appellant has failed to meet his burden.

The judgment of the Court of Appeals is reversed, and the trial court's judgment is affirmed.

---

1. Nor did appellant articulate any other reason in his brief to the Court of Appeals.

1. The majority's holding is not all that clear to me. It seems to suggest that counsel was not

MEYERS, J., filed a concurring opinion in which BAIRD, J., joined.

OVERSTREET, J., filed a dissenting opinion.

MEYERS, Judge, concurring.

This is an ineffective assistance of counsel case. The Court of Appeals held appellant's trial counsel was ineffective. The majority appears to hold that the Court of Appeals erred because appellant would not be able to show prejudice.[1] In my view, the Court of Appeals erred because counsel was not ineffective for the reasons alleged by appellant. I also write to explain more precisely than the majority the legal dilemma presented by the facts in this case, and to point out that what may appear to be a legally frustrating position for defendants can be avoided or at least alleviated.

In appellant's trial for sexual assault, the trial court permitted admission of evidence of multiple encounters between appellant and the victim on dates other than the date alleged in the indictment. On appeal appellant claimed his counsel was ineffective in failing to object to admission of the evidence, or request a limiting instruction. The Court of Appeals agreed, reasoning that the evidence of conduct on dates other than the date alleged in the indictment was extraneous and therefore admissible only for limited purposes. *Yzaguirre v. State*, 938 S.W.2d 129, 133 (Tex.App.—Amarillo 1996). As such, the defendant would have been entitled to a limiting instruction as to the extraneous offense evidence. The court concluded the error was prejudicial because with a limiting instruction, there would not have been enough substantial evidence on which to support the conviction. *Id.* The Court of Appeals is wrong because, under the facts presented, none of the multiple offenses were "extraneous" so as to be objectionable. Therefore, defense counsel was not ineffective *for the*

---

ineffective because his objection would have been properly overruled but also says appellant could not show prejudice because the evidence would have been sufficient to support the conviction. *Yzaguirre v. State*, 957 S.W.2d at 39.

*reason* that he failed to object to the evidence as "extraneous" although he was probably ineffective for a closely related reason. I will explain.

The first question to be addressed in deciding whether counsel was ineffective is whether the evidence was admissible or admissible only for a limited purpose. For the most part, the Rules of Criminal Evidence govern the admissibility of evidence in criminal trials. Under Rule 404(b), extraneous offense evidence is not admissible for the purpose of showing character conformity. TEX.R.CRIM. EVID. 404(b). This evidence may be admitted for other reasons, however, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Thus, evidence of extraneous sexual assaults between the defendant and the victim are not admissible to show that the defendant was acting in conformity therewith, but may be admitted for some other purpose. If it is admitted for some other purpose, the defendant is entitled to have the jury instructed that the evidence is to be considered only for that limited purpose.

Cases of sexual assault of a child often involve multiple incidents of similar conduct between the defendant and the victim over time. The defendant is entitled to know ahead of trial whether the State plans on offering evidence of more than one incident in proving its case. *See* TEX.R.CRIM. EVID. 404(b). When multiple incidents involving the same type conduct are to be shown, the law regarding the statute of limitations has a direct bearing on the matter because thereunder, the State is not bound by the date alleged in the indictment but may prove the offense occurred on *any date* within the statutory period. Therefore, any of the incidents (that otherwise meet the definition of the offense) occurring within the statutory period may be considered as general proof so as to support a conviction—none are "extraneous" since proof of any of them could support the conviction.

But this does not mean that counsel must sit helplessly by as the State offers proof of multiple incidents without any way of limiting their admission. A defendant can force the State to "elect" which incident it will rely upon to support the conviction so that the evidence as to other conduct can then be deemed extraneous. *E.g., O'Neal v. State,* 746 S.W.2d 769, 771 (Tex.Crim.App.1988)("general rule is that where one act of intercourse is alleged in indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction"); *Crawford v. State,* 696 S.W.2d 903, 905–906 (Tex.Crim.App.1985); *Bates v. State,* 165 Tex.Crim. 140, 305 S.W.2d 366, 368 (1957); *Crosslin v. State,* 90 Tex.Crim. 467, 235 S.W. 905, 906 (1921). Once the State makes such election, the defendant is entitled to a limiting instruction as to remaining or extraneous incidents. *Crawford,* 696 S.W.2d at 907–908; *Bates,* 305 S.W.2d at 368. So, upon notice that the State intends to offer evidence of a number of incidents that took place within the statutory period, the defendant should request the State to elect which one it will rely upon for conviction so that the others can be designated extraneous and their admission limited accordingly.[2] Even if the State is not compelled to make an election until after the close of its case in chief,[3] once an election is made, the defendant is entitled to have the jury given a limiting instruction as to evidence of conduct occurring on other dates.

In the instant case, appellant did not request an election and limiting instruction as to non-elected or "extraneous" incidents, although he would have been entitled to both. Appellant's counsel was probably ineffective in failing to do so. But appellant does not claim his counsel was ineffective in this regard. He claims counsel should have objected to the admission of evidence of the numerous incidents on dates other than the date

---

2. Incidents occurring outside of the statute of limitations would necessarily be extraneous, assuming there was no tolling.

3. The trial court has discretion to order an election at any time prior to the resting of the State's case. *O'Neal,* 746 S.W.2d at 772. However, once the State rests its case, the trial court *must* order a requested election. *Id.*

alleged in the indictment. As to this specific claim, counsel was not ineffective since, without an election, there was no way to determine which incidents were extraneous so as to prohibit or limit their admission.[4]

I concur in the judgment of the Court.

BAIRD, J., joins.

OVERSTREET, Judge, dissenting.

Appellant was separately indicted for aggravated sexual assault by oral sex and aggravated sexual assault by anal intercourse. Each indictment alleged the offense date as on or about April 23, 1995. This offense date was alleged notwithstanding evidence, specifically testimony by the victim, that the anal intercourse had occurred the previous year around Thanksgiving in November 1994. The cases were consolidated for trial and appellant was found guilty of both offenses and assessed punishments of confinement for 10 years and a $10,000 fine, probated for 10 years, and of confinement for 10 years.

Appellant challenged his conviction on the grounds of sufficiency of the evidence to support his conviction for the offense of aggravated sexual assault by anal intercourse for which he was assessed punishment of confinement for 10 years. He further challenged his conviction on the grounds of ineffective assistance of counsel. The Seventh Court of Appeals agreed with appellant that the performance of appellant's trial counsel was deficient and reversed his conviction.

Prior to trial, the court ruled on appellant's motion in limine. This was a motion to preclude the State from making mention of the incidents of anal intercourse alleged by the victim in January, February, May, and November of 1994. The trial court, though the State had provided proper notice as required by Tex.R.Crim.Evid. 404(b) of its intent to introduce evidence of crimes, wrongs, or acts of misconduct by appellant, granted appel-

lant's motion in limine to preclude the State from bringing up the events until the trial court had ruled on their admissibility. However, on the day before the selection of the jury the trial court announced that the motion had been modified and the State would be allowed to voir dire the jury on the past events. It made this modification based upon its reading of Article 38.37 of the Code of Criminal Procedure. Appellant's attorney excepted to the ruling and the trial court noted the exception.

Article 38.37, § 2, V.A.C.C.P., provides that, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:

(1) the state of mind of the defendant and the child; and

(2) the previous and subsequent relationship between the defendant and the child.

The trial court relied on this article when modifying its order to allow the State to voir dire the jury panel about the previous acts of alleged anal intercourse. Ordinarily, there would not be a problem because the article clearly allows for the admission of evidence of the previous acts if they fall within the enumerated parameters. However, the problem is that this act did not take effect until September 1, 1995. This criminal proceeding commenced on May 19, 1995 when the indictments were returned. Appellant's attorney did not object to the use of Article 38.37 even though it was inapplicable at the time. Had he objected, the trial court may not have made the modification, and may have excluded the evidence entirely.

The State argues that the "on or about" language in the indictment does not pin it down to articulating a specific date. It cites for support this Court's holdings in cases

4. The majority relies exclusively on *Sledge v. State*, 953 S.W.2d 253 (Tex.Crim.App. 1997), decided after the Court of Appeals' opinion was issued. The Court of Appeals is wrong under the law as it stood even before *Sledge*. The holding in *Sledge* really has little or nothing to do with this case except that it reiterated some of the law regarding the statute of limitations. The specific

issue raised in *Sledge* had to do with whether the operation of such rules violated a defendant's grand jury rights. Appellant in this case does not complain about the lack of a grand jury screening of the offense for which he was convicted. Rather, his complaint is directed at statute of limitations law that has been around for a very long time.

such as *Jones, Mireles,* and most recently *Sledge v. State,* where this Court has held that the phrase "on or about" in an indictment "means any time before the date of the presentment of the indictment that falls within the statute of limitations." Article 21.02, V.A.C.C.P. It concludes that the claim of ineffective assistance of counsel is therefore moot because the trial court would have admitted the evidence anyway. Further, it argues that Article 38.37, § 4 "does not limit the admissibility of evidence of extraneous crimes, wrongs, or acts under any other applicable law." Article 38.37 § 4, V.A.C.C.P. Thus, even if defense counsel had requested a limiting instruction, the trial court likely would have admitted the evidence anyway because evidence of the case in chief is not limited.

The State continues to make reference to an article which was not effective during the time this case was litigated, and certainly not when the action commenced. The inapplicability of the article is the point on which appellant's claim lies. Had the defense counsel done more than simply except to the introduction of the "extraneous" evidence, there is certainly a chance that the evidence might have been excluded. Counsel needn't be certain of the outcome of his actions, but an attorney must act competently in advocating for the client's rights. In this instance, the failure of the defense counsel to object and request a limiting instruction to the introduction of evidence of past sexual events is inexcusable. Had defense counsel objected and requested a correct limiting instruction, the evidence submitted may not have been sufficient to support a conviction. *Williams v. State,* 565 S.W.2d 63, 65 (Tex.Cr. App.1978).

In this instance defense counsel neither objected to the testimony nor requested a limiting instruction, therefore the evidence properly was considered for all purposes.

The United States Supreme Court adopted a two (2) prong test for ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test was adopted by this court in *Hernandez v. State,* 726 S.W.2d 53,57 (Tex.Cr.App.1986). Under *Strickland,* appellant must show by a preponderance: 1) that his trial counsel's assistance was deficient, and 2) that the deficient performance deprived him of a fair trial. Within this test lies the presumption by the court that the trial counsel's performance was within the wide range of reasonable professional assistance. The appellant must overcome the presumption that his trial counsel's conduct might be simply considered to be sound trial strategy. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Cr.App. 1994). The attorney must show proof that his allegations of ineffectiveness are sound. In this case, appellant more than met his burden.

Though defense counsel's conduct needn't be errorless to be considered competent, a major requirement of competent advocacy is the familiarization of ones self with the evidence and the applicable law. In this instance, the defense counsel failed his client miserably. Had he had a competent grasp of the applicable law, he would have pointed out to the trial court that Article 38.37 was inapplicable to the proceeding at hand, as it did not take effect until September 1, 1995. The trial court based its modification of the aforementioned order on the application of this article. Had defense counsel pointed out the inapplicability of the article, the modification might have been prevented, or at the very least, the evidence would have been admitted for a limited purpose. When the trial judge returned to the bench to make a modification stating, "Under article 38.37 in the Code of Criminal Procedure, it's my opinion that evidence of prior sexual conduct or subsequent sexual conduct between the Defendant and the alleged victim of the offense would be admissible . . .", the defense counsel was obligated to stand, make an objection, inform the judge that the article was not applicable, and request a limiting instruction if the State chose to admit for a limited purpose. When he failed to do this, his conduct automatically fell outside of the generous presumption of reasonableness into deficient. Further, the error was so prejudicial as to constitute deprivation of a fair trial. Had the jury been instructed as to the limited purpose of the evidence, it may have been without sufficient evidence to convict appellant.

In my opinion, the burden established by *Strickland* and *Hernandez* has been met. Because the majority holds otherwise, I dissent.