NO. 07-98-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 25, 1999

_____

DAVID BRYAN BALLARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST JUDICIAL DISTRICT COURT OF POTTER COUNTY;

NO. 37,989-B; HONORABLE SAMUEL C. KISER, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and REYNOLDS, S.J.[*]

Appellant David Bryan Ballard, an inmate who committed an offense while incarcerated for other crimes, contends he is statutorily immune from prosecution because the indictment was not presented before the end of the next term of court which was held after the commission of, and his arrest for, the offense. See Tex. Crim. Proc. Code Ann. art. 32.01 (Vernon 1989; Vernon Supp. 1999). Disagreeing, we will affirm.

_____

[*]Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

While imprisoned in the Texas Department of Criminal Justice, Institutional Division, at the William P. Clements, Jr. Unit in Amarillo, under sentences for other crimes, appellant was accused of the 21 March 1996 offense of possessing a controlled substance, marihuana.  On 13 August 1997, during the July 1997 term of the 181st District Court for Potter County, a grand jury returned an indictment charging that appellant committed, on or about 21 March 1997 [sic], the offense of possession of a controlled substance while in the confines of the Department's property.  The terms of the 181st District Court commence on the first Mondays in January and July of each year.  Tex. Gov't Code Ann. §§ 24.301-24.302, 24.361 (Vernon 1988).

Pretrial, appellant moved for the dismissal of the indictment with prejudice, relying upon article 32.01, Texas Criminal Procedure Code Annotated (Vernon 1989), as it was constituted at the time shown for his commission of, and his arrest for, the (21 March 1996) offense.  At that time, the statute provided for the dismissal of the indictment if it was not presented at the next term of the district court which was held after the defendant's detention in custody to answer the criminal accusation or admission to bail, unless otherwise ordered by the court for good cause shown.  See Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 441, amended by Act of May 12, 1997, 75th Leg., R.S., ch. 289, § 2, 1997 Tex. Gen. Laws 1304 (current version at

-2-

Tex. Crim. Proc. Code Ann. art. 32.01 (Vernon Supp. 1999)). The court overruled the motion to dismiss; thereafter, appellant pleaded guilty to the 21 March 1996 offense "as alleged in the indictment," and was assessed the agreed punishment of imprisonment for two years, his sentence to begin "when the sentences in cause nos. 912770 and 707525 are completed."

Parenthetically, we observe that the incorrect "on or about" date of 21 March 1997 for the commission of the offense was recited in the indictment, and the date was unquestioned. Nevertheless, the State could rely upon the 21 March 1996 offense, which was anterior to the presentment of the indictment, was within the statutory limitation period, and otherwise met the description of the offense contained in the indictment. Yzaguirre v. State, 957 S.W.2d 38, 39 (Tex.Cr.App. 1997).

On appeal, appellant submits, with two issues, the central contention that he is entitled, by virtue of operation of the statute, to a dismissal of the indictment with prejudice. This results, he argues, because he was arrested on 21 October 1996, the date of arrest shown on Form CR-43, the criminal history reporting form devised by the Texas Department of Public Safety, and continually incarcerated, but the indictment was not presented within the statutory time permitted after his arrest, and the State offered no good cause for the untimely presentation. We are not in accord.

Today, in Anderson v. State, No. 07-98-0197-CR, ___ S.W.2d ___ (Tex.App.--Amarillo 1999, no pet'n h.), we considered an analogous situation, and held that the defendant was not detained in custody to answer the current offense before the return of the indictment so as to invoke the operation of article 32.01, supra. The holding followed from the finding that albeit Form CR-43 listed a date of arrest, the record clearly demonstrated the defendant remained confined under his prior sentence, and was not detained in custody to answer for the offense until after the return of the indictment. The similar record in this cause requires the same finding. Consequently, we adhere to and apply the holding made in Anderson, and overrule appellant's contention.

The judgment is affirmed.

Charles L. Reynolds
Senior Justice

Do not publish.