NO. 07-98-0199-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 25, 1999



______________________




DAVID BRYAN BALLARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



______________________



FROM THE 181ST JUDICIAL DISTRICT COURT OF POTTER COUNTY;



NO. 37,989-B; HONORABLE SAMUEL C. KISER, JUDGE


______________________




Before REAVIS and JOHNSON, JJ., and REYNOLDS, S.J. (1)


 Appellant David Bryan Ballard, an inmate who committed an
offense while incarcerated for other crimes, contends he is
statutorily immune from prosecution because the indictment was not
presented before the end of the next term of court which was held
after the commission of, and his arrest for, the offense. See Tex.
Crim. Proc. Code Ann. art. 32.01 (Vernon 1989; Vernon Supp. 1999). 
Disagreeing, we will affirm.


 While imprisoned in the Texas Department of Criminal Justice,
Institutional Division, at the William P. Clements, Jr. Unit in
Amarillo, under sentences for other crimes, appellant was accused
of the 21 March 1996 offense of possessing a controlled substance,
marihuana. On 13 August 1997, during the July 1997 term of the
181st District Court for Potter County, a grand jury returned an
indictment charging that appellant committed, on or about 21 March
1997 [sic], the offense of possession of a controlled substance
while in the confines of the Department's property. The terms of
the 181st District Court commence on the first Mondays in January
and July of each year. Tex. Gov't Code Ann. §§ 24.301-24.302,
24.361 (Vernon 1988).


 Pretrial, appellant moved for the dismissal of the indictment
with prejudice, relying upon article 32.01, Texas Criminal
Procedure Code Annotated (Vernon 1989), as it was constituted at
the time shown for his commission of, and his arrest for, the (21
March 1996) offense. At that time, the statute provided for the
dismissal of the indictment if it was not presented at the next
term of the district court which was held after the defendant's
detention in custody to answer the criminal accusation or admission
to bail, unless otherwise ordered by the court for good cause
shown. See Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965
Tex. Gen. Laws 441, amended by Act of May 12, 1997, 75th Leg.,
R.S., ch. 289, § 2, 1997 Tex. Gen. Laws 1304 (current version at
Tex. Crim. Proc. Code Ann. art. 32.01 (Vernon Supp. 1999)). The
court overruled the motion to dismiss; thereafter, appellant
pleaded guilty to the 21 March 1996 offense "as alleged in the
indictment," and was assessed the agreed punishment of imprisonment
for two years, his sentence to begin "when the sentences in cause
nos. 912770 and 707525 are completed."


 Parenthetically, we observe that the incorrect "on or about"
date of 21 March 1997 for the commission of the offense was recited
in the indictment, and the date was unquestioned. Nevertheless,
the State could rely upon the 21 March 1996 offense, which was
anterior to the presentment of the indictment, was within the
statutory limitation period, and otherwise met the description of
the offense contained in the indictment. Yzaguirre v. State, 957
S.W.2d 38, 39 (Tex.Cr.App. 1997). 


 On appeal, appellant submits, with two issues, the central
contention that he is entitled, by virtue of operation of the
statute, to a dismissal of the indictment with prejudice. This
results, he argues, because he was arrested on 21 October 1996, the
date of arrest shown on Form CR-43, the criminal history reporting
form devised by the Texas Department of Public Safety, and
continually incarcerated, but the indictment was not presented
within the statutory time permitted after his arrest, and the State
offered no good cause for the untimely presentation. We are not in
accord.


 Today, in Anderson v. State, No. 07-98-0197-CR, ___ S.W.2d ___
(Tex.App.--Amarillo 1999, no pet'n h.), we considered an analogous
situation, and held that the defendant was not detained in custody
to answer the current offense before the return of the indictment
so as to invoke the operation of article 32.01, supra. The holding
followed from the finding that albeit Form CR-43 listed a date of
arrest, the record clearly demonstrated the defendant remained
confined under his prior sentence, and was not detained in custody
to answer for the offense until after the return of the indictment. 
The similar record in this cause requires the same finding. 
Consequently, we adhere to and apply the holding made in Anderson,
and overrule appellant's contention.


 The judgment is affirmed.




 Charles L. Reynolds

 Senior Justice

Do not publish. 
1. Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment. 



trolled substance within 1,000 feet of a school, enhanced. Punishment was assessed
by the jury at sixty years in the Texas Department of Criminal Justice Institutional Division. 
Appellant timely filed her notice of appeal. 
  
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellant’s appeal is without merit. Along with his brief, he has filed a copy
of a letter sent to appellant informing her of counsel’s belief that there was no reversible
error and of appellant’s right to appeal pro se. By letter dated January 16, 2009, this court
notified appellant of her right to file her own brief or response by February 17, 2009, if she
wished to do so. To date, appellant has not filed a response. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
one possible ground for appeal, that being the sufficiency of the evidence to support guilt. 
However, appellate counsel, after reviewing the evidence presented at trial, found the
evidence to be both legally and factually sufficient. Thereafter, we conducted our own
review of the record to assess the accuracy of appellate counsel’s conclusions and to
uncover any error, reversible or otherwise, pursuant to Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991), and concluded the same. 
          Accordingly, the motion to withdraw is granted and the judgment is affirmed.



 

                                                                           Brian Quinn 
                                                                          Chief Justice 
  

Do not publish.