Opinion filed March 29, 2007 


















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00223-CR 

                                                    __________

 

                           RICHARD
ONTIVEROS FLORES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,576-A

 



 

                                                                   O
P I N I O N








The jury convicted Richard Ontiveros Flores of the
aggravated sexual assault[1]
of his stepdaughter and two offenses of indecency with a child[2]
with the same stepdaughter.  The jury
assessed his punishment at confinement for fifteen years for the aggravated
sexual assault[3]
and at confinement for four years for each of the indecency offenses.[4]  We affirm.

                                                                 Issues
on Appeal

Appellant has briefed eight issues on appeal.  In the first three, appellant challenges the
legal sufficiency of the evidence to support the convictions.  In the next three, appellant challenges the
factual sufficiency of the evidence to support the convictions.  In the seventh and eighth issues, appellant
contends that the trial court abused its discretion in admitting evidence of
extraneous sexual contact with his stepdaughter and in admitting evidence of a
videotape.

                                                        Sufficiency
of the Evidence

A. Standard of Review.

In order to determine if the evidence is legally
sufficient, the appellate court  reviews
all of the evidence in the light most favorable to the verdict and determines
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11.








We review the fact-finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact-finder.  Cain, 958 S.W.2d at
407; Clewis, 922 S.W.2d at 133. 
Due deference must be given to the fact-finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at
10-11; Jones v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).  The jury, as the finder of fact, is the sole
judge of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 2007),
art. 38.04 (Vernon
1979).  This court has the authority to
disagree with the fact finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson, 23 S.W.3d at 9.

B. Record on Appeal.

The victim testified that, until the police
investigated these offenses, she believed appellant was her natural father and
was unaware that he was really her stepfather. 
The victim stated that the family lived in Abilene
in Taylor County
until July 2003 when they moved to Georgetown in
Williamson County. 
She was twelve years old at the time of the move.

The victim stated that appellant Astarted coming after@ her at night when she was eleven years
old and in the sixth grade.  Her mother
was attending night school at the time, and appellant would watch the couple=s younger children.  Appellant had a pornographic videotape that
he would play Aquite
often@ for the
victim.  The videotape depicted two
females and one male Ajust
taking turns at each other having sex.@  The victim stated that appellant played this
videotape while the family lived in Abilene
before their move to Georgetown.

The victim testified that she would tell appellant
to turn off the videotape but that he would not.  Appellant would make her lay down beside him
on the couch, and then he would Astick
his fingers in@ her
vagina.  Appellant also rubbed her
breasts and her vaginal area.

Dolores Flores, the victim=s
mother, testified that the victim was two years old when appellant first came
into their lives and that the victim was raised to believe appellant was her biological
father.  The family moved to Georgetown in July
2003.  Dolores testified that appellant
kept the children while she was attending night classes during the summer
before the move.  She also testified that
the couple had a pornographic videotape they would watch together from time to
time.  The videotape was something that
just she and appellant watched and that it was Anot
a family thing.@  Dolores testified that she did not know the
victim had seen the videotape until the victim accurately described the
contents to her when the victim told her about the sexual contact.








Appellant testified that the victim was raised to
believe that he was her natural father. 
Appellant stated that the victim began to sneak out of the house after
the family moved to Georgetown.  Appellant testified that he had never engaged
in any sort of sexual activity with the victim. 
He testified that the videotape was kept Away
behind the VCR on the top shelf of the entertainment center.@

C. Specific Argument on Appeal.

The multi-count indictment alleged that, Aon or about the 31st day of August,
2003@ in
Taylor County, appellant penetrated the victim=s sexual organ with his finger, touched
her genitals, and touched her breasts. 
In his first six issues on appeal, appellant argues that the record
establishes that the family moved from Taylor
County to Williamson
County in July  2003 and that they did not live in Taylor County
on August 31, 2003.  Therefore, appellant
argues that the evidence is both legally and factually insufficient to support
convictions for offenses alleged to have been committed at a time when no one
in the family lived in Taylor
 County.

D. 
Applicable Law Concerning Date Alleged in the Indictment.

The Court of Criminal Appeals has stated that,
particularly in cases involving sexual offenses against child victims, a
conviction will stand when the indictment alleges the offense occurred Aon or before@
a specific date and the State establishes that an offense occurred before the
specific date and within the statutory limitations period.  Yzaguirre v. State, 957 S.W.2d 38, 39
(Tex. Crim. App. 1997); Sledge v. State, 953 S.W.2d 253, 255-56
(Tex. Crim. App. 1997); see Dixon
v. State, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006).

E. 
Analysis.

It is uncontroverted that the family did not live
in Abilene on August 31, 2003, and that they
moved from Taylor
 County in July 2003.  The victim testified that the sexual activity
occurred in Taylor
 County before the family
moved and during the time appellant was watching the children while her mother
was at night classes.  The mother
testified that, before the family moved in July 
2003, appellant watched the children while she attended night school
that summer.  








The evidence is both legally and factually
sufficient.  When viewed in the light
most favorable to the verdict, the evidence is legally sufficient for a
reasonable jury to conclude that appellant committed the offenses of aggravated
sexual assault and indecency with the victim in the summer of 2003 in Taylor
County.  Likewise, when the evidence is
viewed in a neutral light, the evidence supporting the jury=s verdicts is not so weak as to
establish that the verdicts are clearly wrong, manifestly unjust, or against
the great weight and preponderance of the evidence.  The State established that the sexual contact
occurred within the limitations period.  Tex. Code Crim. Proc. Ann. art. 12.01 (Vernon Supp. 2006).  The first six issues are overruled.

                      Admission
of Extraneous Offenses and of the Pornographic Videotape

A. 
Specific Arguments on Appeal.

In his final two issues, appellant contends that
the trial court abused its discretion in admitting the victim=s testimony concerning repeated sexual
contact by appellant, in admitting testimony concerning appellant showing the
victim the videotape, and in admitting the videotape.  Appellant argues that this evidence was  inadmissible due to lack of sufficient
written notice from the State. 

B. 
Record on Appeal.

Relying on Tex.
R. Evid. 404(b) and Tex. Code
Crim. Proc. Ann. art. 37.07, '
3(g) (Vernon 2006), appellant filed on June 2, 2005, a notice regarding
disclosure of extraneous offense evidence requesting that the State disclose
any evidence of crimes, wrongs, or acts that it intended to offer either in its
case-in-chief or at the punishment phase. 
The trial court entered a discovery order on June 7, 2005, providing
that appellant was entitled to view any videotapes relating to his case, to
inspect any real evidence, and to written notice of all extraneous offenses or
bad acts that the State intended to offer. 
The State responded by filing a response on June 14, 2005, stating that
a copy of Athe
pornographic video@ had been
made for the defense, that all physical evidence was located with the Abilene
Police Department and was available for review, and that the State planned to
introduce evidence of A[n]one
other than the numerous times that the suspect engaged in sexual contact with
the victim throughout a two year period in both Abilene, Taylor County, and
Georgetown, Williamson County, Texas.@








At trial on June 27, 2005, appellant objected to
the admission of both the testimony and the videotape on the grounds that Athere [was] nothing telling [him] that
they would intend to offer such extraneous offense evidence of other alleged
sexual contacts@ and that
the State=s
response was inadequate concerning the videotape.  Appellant further stated that he was not
relying on Tex. Code Crim. Proc. Ann. art.
38.37 (Vernon Supp. 2006) but solely on Article 37.07, section 3(g) and Rule
404(b).  

C. Prior Sexual Contact Between Appellant and
the Victim.

The victim testified that, in the summer of 2003
when she was twelve years old, appellant inserted his finger in her vagina,
touched her breasts, and touched her genitals. 
She also testified that appellant began this type of sexual contact when
she was eleven years old. 

Rule 404(b) and Article 37.07, section 3(g)
provide that, upon timely request, the State must give reasonable notice of Aother crimes, wrongs, or bad acts@ that it intends to introduce.  Both appellant=s
request and the State=s
response were timely.  Under the facts in
this case, the State=s
response was sufficient to comply with the notice requirements of  Rule 404(b) and Article 37.07, section 3(g).  The seventh issue is overruled.

D. Videotape.

The victim testified that appellant Astarted coming after her@ when she was eleven years old.  She described how appellant would touch her
breasts and genitals and how he would insert his fingers in her vagina.  The victim further testified how, during the
commission of the acts alleged in the indictment, appellant touched her breasts
and genitals and inserted his fingers in her vagina.  The victim stated that appellant showed her
the videotape not only during the commission of the charged offenses but also
during the prior acts of sexual contact.

The videotape itself and the testimony concerning
its use during the charged offenses was properly admitted.  However, there was no disclosure of the prior
act of playing the videotape during other sexual encounters with the victim,
and appellant did not receive notice of the bad act of showing the videotape to
the victim.  This error is subject to a
harm analysis.  McDonald v. State,
179 S.W.3d 571, 578 (Tex.
Crim. App. 2005). 








After examining the entire record, we conclude
that, under Tex. R. App. P.
44.2(b),  the error concerning the
playing of the videotape prior to the charged offenses was harmless and had but
a slight effect, if any, on the jury. 
The victim testified unequivocally concerning sexual contact between
appellant and her.  For all three
offenses, the jury assessed punishment toward the minimum of the  punishment range:  confinement for fifteen years out of a
possible maximum of confinement for life or ninety-nine years for the
aggravated sexual assault and confinement for four years out of a maximum of
confinement for twenty years for the indecency with a child offenses.   The record before this court does not
support appellant=s
argument that testimony concerning viewing of the videotape in conjunction with
prior sexual contact contributed to the convictions or assessment of
punishment. The eighth issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

March 29, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.











[1]Tex. Pen. code
Ann. ' 22.021 (Vernon Supp. 2006) defines the offense and
declares it to be a felony of the first degree.





[2]Tex. Pen. Code
Ann. ' 21.11 (Vernon 2003) defines the offense and declares
it to be a felony of the second degree.





[3]The range of punishment for a first degree felony is
confinement for life or a term of not more than 99 years and not less than 5
years and an optional fine not to exceed $10,000.  Tex.
Pen. Code Ann. ' 12.32 (Vernon 2003).





[4]The range of punishment for a second degree felony is
confinement for a term of not more than twenty years and not less than two
years and an optional fine not to exceed $10,000.  Tex.
Pen. Code Ann. ' 12.33 (Vernon 2003).