Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00795-CR

Virgilio C. **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-4690
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:     Catherine Stone, Justice

Sitting:        Catherine Stone, Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  December 10, 2008

AFFIRMED

Virgilio C. Sanchez appeals his convictions on two counts of sexual assault of a child.  In two issues, Sanchez claims the evidence is factually insufficient to support the second count of sexual assault of a child, and the trial court reversibly erred in instructing the jury.   We affirm the trial court's judgments.

## BACKGROUND

On February 15, 2005, fifteen year old M.C. discovered she was nine months pregnant. M.C. told her mother that Sanchez, her mother's common law husband and her step-father, had sexually assaulted her. On February 19, 2005, M.C. gave birth to a baby, and hospital records indicate that the gestational age of the placenta was "thirty-four plus weeks."

Pursuant to a search warrant, the police obtained a buccal swab from Sanchez for purposes of paternity testing. The swabs were submitted to the Bexar County Criminal Investigation Lab for testing. The results of the paternity testing showed that Sanchez had a 99.99% probability of being the father.

Sanchez was indicted on two counts of sexual assault. The first count was for aggravated sexual assault of a child under the age of fourteen, and the second count was for sexual assault of a child under the age of seventeen, who was not the defendant's spouse. Following a jury trial, Sanchez was found guilty on both counts and sentenced to ninety-nine years imprisonment and a $10,000 fine for count one and twenty years imprisonment and a $10,000 fine for count two.

## FACTUAL SUFFICIENCY

In his first point, Sanchez contends M.C.'s testimony and the evidence presented at trial is factually insufficient to support the second count of sexual assault with a child under the age of seventeen, who was not his wife. According to Sanchez, the indictment alleged the offense occurred on or about May 22, 2004, and the State elected to further limit the time frame by asserting that the offense did not occur beyond May 22, 2004. Sanchez contends M.C.'s testimony and the gestational age of the placenta establishes that the offense occurred prior to May 22, 2004, and therefore, the evidence is factually insufficient to support a conviction as to count two. Sanchez argues that

affirming the trial court's verdict would approve the use of the phrase "on or about" in an indictment to include a date not proven by the evidence. Sanchez also contends the accuracy of the DNA test is questionable, and consequently, any statistical analysis regarding the results would lead to an equally questionable conclusion of paternity.

We review the factual sufficiency of the evidence by carefully considering all of the evidence in a neutral light and asking whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). Under a factual sufficiency review, we reverse only if: (1) the evidence is so weak that it makes the verdict clearly wrong or manifestly unjust; or (2) the verdict goes against the great weight and preponderance of the evidence. *See id.* at 414-15 (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Although we analyze all of the evidence presented at trial, the trier of fact is the sole judge of the credibility of the witnesses and the weight given to their testimony, and we afford "due deference" to the jury's determinations. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). We may review credibility and weight determinations only "to a very limited degree." *See id.*

To determine if evidence is so weak as to make a verdict clearly wrong or manifestly unjust, we must determine that the jury's finding "shocks the conscience" or "clearly demonstrates bias." *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997) (citing *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996)); *Meraz v. State*, 785 S.W.2d 146, 149 (Tex. Crim. App. 1990)). We may not conclude that a conviction is clearly wrong or manifestly unjust merely because we simply disagree with the jury's resolution of the evidence and would have acquitted the defendant. *See Watson*, 204. S.W.3d at 417.

A defendant commits sexual assault of a child if he intentionally or knowingly causes the sexual organ of a child to contact or penetrate the sexual organ of a person, and the child is a person younger than seventeen years of age at the time of the offense and is not the adult's spouse. TEX PEN. CODE. ANN. § 22.011(a)(2)(C), (c)(1) (Vernon Supp. 2008). A child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005). When an indictment alleges a crime occurred "on or about" a particular date, the State may prove the offense "with a date other than the [date] specifically alleged [in the indictment] so long as the date is anterior to the presentment of the indictment and within the statutory limitation period and the offense relied upon otherwise meets the description of the offense contained in the indictment." *Yzaguirre v. State*, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997) (relying on *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997)). The primary purpose of the "on or about" language "is not to notify the accused of the date of the offense[,]" but instead to show the prosecution that the offense is not barred by the statute of limitations and to provide the defendant with sufficient notice to prepare an adequate defense. *Garcia v. State*, 981 S.W.2d 683 (Tex. Crim. App. 1998).

A.  Date of Offense

The indictment in this case was presented on May 30, 2007. The indictment alleged that Sanchez, on or about May 22, 2004, intentionally and knowingly caused penetration of M.C.'s sexual organ with his sexual organ and that M.C. was a child younger than seventeen years of age who was not Sanchez's spouse. M.C. testified that Sanchez began sexually assaulting her at age eleven or twelve and stopped shortly before her fifteenth birthday party on May 22, 2004. M.C. further

testified that the last time Sanchez sexually assaulted her was a week before her fifteenth birthday party and that Sanchez ejaculated inside of her vagina.

Although the indictment alleges sexual conduct occurred on or about May 22, 2004 and the evidence establishes sexual conduct may have stopped before May 22, 2004, the State provided sufficient evidence to establish that the offense occurred on dates anterior to the presentment of the indictment and within the statutory limitation period. *See Yzaguirre,* 957 S.W.2d at 39. After reviewing all the evidence in a neutral light and giving due deference to the jury's assessment of the credibility of the witnesses and weight of the evidence, we hold it was reasonable for the jury to believe beyond a reasonable doubt that M.C. was sexually abused by Sanchez between the ages twelve and almost fifteen. *See Watson*, 204 S.W.3d at 414-15.

We disagree with Sanchez's argument that the State elected to limit the time frame of the offense to sexual conduct occurring before May 22, 2004. An election occurs when the defense requests the State to designate the evidence it intends to rely upon to support a conviction as to each count. *Hendrix v. State*, 150 S.W.3d 839, 852 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) ("When evidence shows two or more acts of sexual assault, each of which is an offense for which the defendant may be convicted, and the indictment charges only one offense, *if* the accused makes a motion for election, the State is required to elect which act it will rely upon to secure a conviction."). Here, the burden was on Sanchez to request the State to specify which occurrence the State would be relying upon to support a conviction as to count two. *See id.* The record reveals that Sanchez did not make such a request. Because Sanchez did not request the State to elect which separate occurrence it would be relying upon for a conviction as to count two, Sanchez waived this argument. *See id.* As a result, the State was allowed to prove the offense with a date other than the

one specifically alleged in the indictment so long as the date was anterior to the presentment of the indictment. *See id*.; *Yzaguirre,* 957 S.W.2d at 39.

B. DNA Test Results

Regarding the accuracy of the DNA test results, the Bexar County Criminal Investigation Lab ran the baby's DNA with positive and negative controls in accordance with lab protocol. The first run was poorly injected, and a second run was conducted without new controls. At trial, Sanchez's expert witness on genetics, Dr. Paul Goldstein, testified that he questioned the accuracy of the paternity test after reviewing the results obtained from the DNA statistical analysis. Dr. Goldstein opined that the forensic scientist who conducted the DNA statistical analysis did not follow the standard operating procedure because the forensic scientist did not apply the appropriate controls to the second injection performed.

The State's forensic scientist, Erin Reat, testified that it was unnecessary to apply the controls to the second injection because the controls were working properly as evidenced by the fact that the machine, which collects the DNA data from a sample, caught the poor first injection. Furthermore, Garon Foster, the technical supervisor of the Bexar County Lab, testified that he reviewed the raw data and independently concluded the test was accurate. The jury was the sole judge of the credibility and weight given to Dr. Goldstein's testimony; therefore, we must give due deference to the jury's decision to reject Dr. Goldstein's testimony in favor of the testimony of Reat and Foster. *See Marshall v. State*, 210 S.W.3d at 625.

Viewing all the evidence neutrally, including the time frame of the sexual conduct and conflicting accounts concerning the accuracy of the DNA statistical analysis, we conclude that the evidence supporting the verdict is not so weak as to make the finding of guilt clearly wrong or

manifestly unjust and that the verdict is not against the great weight and preponderance of the available evidence. *See Watson*, 204 S.W.3d at 414-15. Accordingly, Sanchez's first point is overruled.

### JURY CHARGE

In his second point, Sanchez contends the trial court reversibly erred in instructing the jury to find that the offense occurred on or before May 30, 2007.

A jury charge error is reviewed under the standard set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). Under *Almanza*, we must first determine whether error exists in the jury charge. *See id.* at 171. Second, we must determine whether sufficient harm was caused by the error to require reversal. *Id.*; *see also Airline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). The degree of harm necessary for reversal depends upon whether the error was preserved. *Id*. If the error is properly preserved by an objection to the charge, then a showing of only some harm is sufficient to require reversal; on the other hand, if the error is not properly preserved by an objection to the charge, then a showing of egregious harm is necessary to require reversal. *Id*. An error which results in egregious harm is an error that affects "the very basis of the case," deprives the defendant of a "valuable right," or "virtually affect[s] a defensive theory." *Almanza*, 686 S.W.2d at 172; *see also Hutch v. State,* 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

During the charge conference, Sanchez contends he raised the issue concerning whether the jury could consider dates beyond May 22, 2004 to convict Sanchez as to count two. According to Sanchez, the State presented evidence of sexual abuse only up to May 22, 2004, therefore, the jury charge should not include dates beyond May 22, 2004. However, the jury charge instructed the jury that "the time frame of the offense mentioned must be some date anterior to the presentment of the

indictment, and not so remote that the prosecution of the offense is barred by limitation." The indictment was presented on May 30, 2007. According to Sanchez, he properly objected to the jury charge, and the court reversibly erred by overruling his objection.

Regardless of whether Sanchez properly objected to the charge, he must show that error exists in the charge. *See Almanza*, 686 S.W.2d at 171. However, the record does not establish error in the jury charge. While the indictment alleges the sexual assault conduct occurred "on or about" May 22, 2004, the State could prove the offense "with a date other than the [date] specifically alleged [in the indictment] so long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *See Yzaguirre*, 957 S.W.2d at 39. In this case, the charge properly instructed the jury that it could consider activities up until the presentment of the indictment, which was on May 30, 2007. While Sanchez contends the State elected to rely only on acts prior to May 22, 2004, as previously noted, a request for an election was never made by Sanchez. *See Hendrix v. State*, 150 S.W.3d at 852. As a result, the charge properly instructed the jury that it could consider any sexual acts occurring on dates anterior to the presentment of the indictment. *See Yzaguirre*, 957 S.W.2d at 39. Accordingly, we overrule Sanchez's second point.

## CONCLUSION

We determine that the evidence is factually sufficient to support the verdict. Additionally, the trial court properly charged the jury. Accordingly, we affirm the trial court's judgment.

Catherine Stone, Justice

Do not publish