MEMORANDUM OPINION


No. 04-08-00182-CR



Henry MESA, Jr.,


Appellant



v.



The STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court No. 2006-CR-7772


Honorable Pat Priest, Judge Presiding (1)



Opinion by: Karen Angelini, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: February 25, 2009


AFFIRMED

 Following a jury trial, Henry Mesa was found guilty of three counts of sexual assault of a
child. On appeal, Mesa contends the evidence is legally and factually insufficient to sustain his
conviction on count three of the indictment. We affirm the trial court's judgment. 

Factual and Procedural Background


 In the spring of 2006, fifteen-year-old Raven Allen was living in an apartment complex with
her mother when she became friends with forty-two-year-old Mesa, who lived in the apartment next
door. Mesa began coming to Allen's house while her mother was at work. Toward the end of May
or beginning of June 2006, Mesa and Allen had sex while he was at her apartment. According to
Allen, they had sex on three or four occasions. On July 4, 2006, Allen's mother came home early
from work and found Mesa in the apartment with Allen. Allen's mother asked Mesa what he was
doing there, and he replied he was watching television and that he was sorry. Allen's mother then
asked Allen if she and Mesa were having sex. After first denying it, Allen told her mother they had,
in fact, had sex. Allen's mother then called the police. 

 Allen testified that the time period in which she and Mesa had sex was from either the end
of May or beginning of June through sometime before July 4th. According to Allen, the last contact
she had with Mesa was on July 4th; however, they did not have sex on that date. 

 Discussion

 The State indicted Mesa on three counts of sexual assault of a child, alleging the sexual
assaults occurred on or about June 1, 2006; on or about June 19, 2006; and on or about July 4, 2006.
Mesa contends the evidence is legally and factually insufficient to sustain a conviction on count three
because of the lack of evidence showing any sexual acts occurred between June 19 and July 4, 2006,
and further, because there is affirmative evidence that no sexual assault occurred on July 4, 2006.
The State, however, is not required to prove a specific date on which the sexual assault occurred. See
Yzaguirre v. State, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997). "[W]hen an indictment alleges that
a crime occurred 'on or about' a certain date, the State can rely upon an offense with a date other
than the one specifically alleged so long as the date is anterior to the presentment of the indictment
and within the statutory limitation period and the offense relied upon otherwise meets the description
of the offense contained in the indictment." Id. (relying on Sledge v. State, 953 S.W.2d 253, 255-56
(Tex. Crim. App. 1997)); see also Sanchez v. State, No. 04-07-00795-CR, 2008 WL 5170199, at *2
(Tex. App.--San Antonio Dec.10, 2008, no pet. h.) (not designated for publication) (holding that
although indictment alleged sexual conduct occurred on or about May 22, 2004, and the evidence
established sexual conduct may have stopped before May 22, 2004, the State provided sufficient
evidence to establish the offense occurred on dates anterior to the presentment of the indictment and
within the statutory limitation period). Therefore, we hold that the evidence is legally and factually
sufficient.

Conclusion


 We affirm the trial court's judgment. 

 Karen Angelini, Justice

Do not publish


1. Sitting by assignment.