*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00182-CR

Henry **MESA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-7772
Honorable Pat Priest, Judge Presiding[1]

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
  Sandee Bryan Marion, Justice
  Rebecca Simmons, Justice

Delivered and Filed:  February 25, 2009

AFFIRMED

Following a jury trial, Henry Mesa was found guilty of three counts of sexual assault of a child. On appeal, Mesa contends the evidence is legally and factually insufficient to sustain his conviction on count three of the indictment. We affirm the trial court's judgment.

---

[1] Sitting by assignment.

## FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 2006, fifteen-year-old Raven Allen was living in an apartment complex with her mother when she became friends with forty-two-year-old Mesa, who lived in the apartment next door. Mesa began coming to Allen's house while her mother was at work. Toward the end of May or beginning of June 2006, Mesa and Allen had sex while he was at her apartment. According to Allen, they had sex on three or four occasions. On July 4, 2006, Allen's mother came home early from work and found Mesa in the apartment with Allen. Allen's mother asked Mesa what he was doing there, and he replied he was watching television and that he was sorry. Allen's mother then asked Allen if she and Mesa were having sex. After first denying it, Allen told her mother they had, in fact, had sex. Allen's mother then called the police.

Allen testified that the time period in which she and Mesa had sex was from either the end of May or beginning of June through sometime before July 4th. According to Allen, the last contact she had with Mesa was on July 4th; however, they did not have sex on that date.

## DISCUSSION

The State indicted Mesa on three counts of sexual assault of a child, alleging the sexual assaults occurred on or about June 1, 2006; on or about June 19, 2006; and on or about July 4, 2006. Mesa contends the evidence is legally and factually insufficient to sustain a conviction on count three because of the lack of evidence showing any sexual acts occurred between June 19 and July 4, 2006, and further, because there is affirmative evidence that no sexual assault occurred on July 4, 2006. The State, however, is not required to prove a specific date on which the sexual assault occurred. *See Yzaguirre v. State*, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997). "[W]hen an indictment alleges that a crime occurred 'on or about' a certain date, the State can rely upon an offense with a date other

than the one specifically alleged so long as the date is anterior to the presentment of the indictment and within the statutory limitation period and the offense relied upon otherwise meets the description of the offense contained in the indictment." *Id.* (relying on *Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997)); *see also Sanchez v. State*, No. 04-07-00795-CR, 2008 WL 5170199, at *2 (Tex. App.—San Antonio Dec.10, 2008, no pet. h.) (not designated for publication) (holding that although indictment alleged sexual conduct occurred on or about May 22, 2004, and the evidence established sexual conduct may have stopped before May 22, 2004, the State provided sufficient evidence to establish the offense occurred on dates anterior to the presentment of the indictment and within the statutory limitation period). Therefore, we hold that the evidence is legally and factually sufficient.

## CONCLUSION

We affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish