In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00505-CR


____________________



JOHN EARNEST COLLIER, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 19,687






MEMORANDUM OPINION


 John Earnest Collier, Jr. appeals his conviction for aggravated sexual assault. See
Tex. Pen. Code Ann. § 22.021(a)(1)(B)(I), (2)(B) (Vernon Supp. 2008). After Collier pled
true to three enhancement allegations, the trial court imposed a twenty-five year sentence as
punishment for the offense. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2008). The
sole issue on appeal challenges the legal sufficiency of the evidence to support the
conviction. We affirm the judgment of the trial court.

 In reviewing a claim that evidence is legally insufficient to support the judgment, we
must determine whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979). In this case, Collier contends no rational trier of fact could have
convicted him because only the child witnessed the incident, the child did not make an outcry
for three days, and defense witnesses testified that Collier was not alone with the child on the
date he was alleged to have committed the offense.

 When an indictment alleges that a crime occurred "on or about" a certain date, the
State may prove an offense "with a date other than the one specifically alleged so long as the
date is anterior to the presentment of the indictment and within the statutory limitation period
and the offense relied upon otherwise meets the description of the offense contained in the
indictment." Yzaguirre v. State, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997). In this case, the
indictment was filed on September 21, 2007, and alleged the offense occurred on or about
May 3, 2007, when the victim was nine years of age. Thus, the conviction may be sustained
upon proof beyond a reasonable doubt that Collier sexually assaulted the child in the manner
alleged in the indictment on any date before September 21, 2007. See Act of May 30, 2005,
79th Leg., R.S., ch. 1162, § 6, 2005 Tex. Gen. Laws 3802, 3806-07; see also Tex. Code
Crim. Proc. Ann. art. 12.01(1)(B) (Vernon Supp. 2008).

 The victim's family lived in a trailer on some acreage shared with trailers occupied
by Collier's immediate family and by Collier's parents. The victim's mother testified that
on May 6, 2007, the victim told her mother that "Uncle John raped me." Referring to the
outcry of the assault, the child's mother testified that the child "told me it was like three days
before that." She was not absolutely certain what day it would have been. The victim's
parents took the child to the hospital emergency room, where she was examined and released,
then returned home, packed their belongings and left the premises.

 On May 9, 2007, the child was examined by a sexual assault nurse examiner. A
colposcopic examination revealed an abrasion and a laceration that were "concerning for
abuse or trauma." The injury was recent, within a week or ten days, and was in a position
consistent with the acts reported by the child. The nurse examiner could not say that a sexual
assault had definitely occurred. The child reported to the nurse examiner conduct by "Uncle
John" that is consistent with the allegations in the indictment. "Uncle John" is Collier. The
child told the nurse examiner that the assault occurred in Collier's living room, just when she
got home from school.

 The child testified that Collier was babysitting the child and her siblings while her
mother went to the store with Collier's wife. After playing outside, the child walked into the
home where Collier was playing a video game. Collier ordered the child to pull down her
pants. Thinking that she was going to get a "whipping," the child complied. The child
testified that Collier sexually assaulted her in the manner described in the indictment. A few
days later, she was staying overnight at a friend's house, became frightened, woke the friend
and told her what had happened.

 On cross-examination, the child testified that the assault occurred on a school day, that
Collier was already home when she got home from school, the women left for Wal-Mart right
after the child got home, and her grandfather was outside at the time.

 A friend of Collier's wife testified that they worked a shrimp boil together in Houston
on May 3, 2007, from noon until midnight. Collier's wife claimed she was cooking for a
shrimp boil the previous week and was gone all day the first three days of May. She also
testified that the child and her parents left the premises on May 3 and never returned. She
denied having gone to Wal-Mart with the child's mother on May 3. She also claimed it was
raining that day. According to her, Collier never arrives home from work before the children
return from school.

 Collier's father testified that "[t]he day that it was supposed to happen" Collier arrived
home from work 10 or 15 minutes late. He testified that the child's mother did not go to the
store that day and that her car was there all day. He denied being outside while Collier was
inside with the child. On cross-examination, he admitted there were times when the child's
parents ran errands and left the children with their relatives. He testified that it was raining
that day and that it was unusual for the child's mother to stay home all day.

 Collier's employer testified that Collier was with him on May 3, 2007, at 3:40 p.m.
and that his records show Collier did not leave work until 3:50 p.m. Collier would not have
arrived home before 4:00.

 On appeal, Collier argues that the evidence is legally insufficient to support the jury's
verdict. He argues that the medical evidence was not conclusive of sexual assault and he
argues that he established an alibi for the date the assault was supposed to have occurred. 
"The jury is the exclusive judge of the credibility of witnesses and of the weight to be given
testimony, and it is also the exclusive province of the jury to reconcile conflicts in the
evidence." Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Here, the child
and her mother testified that the child was alone with Collier on May 3, 2007, or around that
date, while the women went to the store. Other witnesses testified that on May 3 Collier
worked a few minutes later than usual and that Collier's wife was not available to go to the
store on that particular day. In weighing the conflicting evidence regarding Collier's access
to the child, the jury could either disbelieve the alibi witnesses or reconcile the conflicts in
their testimony by determining that the offense occurred but did not occur on May 3, 2007. 
 Although there were no eyewitnesses to support the child's testimony and the medical
evidence did not provide conclusive evidence of a sexual assault, a conviction for sexual
assault may be supported by the uncorroborated testimony of a child victim. See Tex. Code
Crim. Proc. Ann. art. 38.07 (Vernon 2005). In this case, the jury could rationally find
beyond a reasonable doubt that the defendant committed the offense alleged in the
indictment. We overrule the issue presented on appeal and affirm the judgment.

 AFFIRMED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice




Submitted on August 24, 2009

Opinion Delivered August 26, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.