**Affirmed and Memorandum Opinion filed August 1, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00366-CR

### MICHAEL A. RIZZO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1424938**

## MEMORANDUM OPINION

In this appeal from a conviction for aggravated sexual assault of a child, appellant raises three issues, claiming that (1) the trial court committed charge error by failing to give a limiting instruction and a reasonable-doubt instruction concerning evidence of extraneous offenses, (2) defense counsel was ineffective for failing to request those same instructions himself, and (3) the trial court abused its discretion by denying a motion for mistrial. We overrule each of these issues and affirm the trial court's judgment.

# BACKGROUND

Viewed in the light most favorable to the verdict, the evidence showed that appellant sexually abused the complainant, his stepdaughter, over a period of several years, beginning when she was eleven. The abuse started on the night that the complainant moved into appellant's house. The complainant and her mother were relocating from an apartment, but the mother stayed behind on the night of the move to clean the apartment one last time. With the mother away, appellant invited the complainant to his bedroom, where they spooned together.

The complainant was later given her own bedroom, where appellant would visit her when her mother was asleep or taking a shower. The first inappropriate visit occurred when appellant noticed the complainant playing with a flashlight. Appellant took the flashlight and turned it on the complainant, showing her that the flashlight could be used to illuminate her veins. Appellant applied the flashlight to the complainant's stomach and breasts. He then began kissing her on her chest, neck, and lips. The following morning, appellant told the complainant that he loved her and that she could never tell her mother because her mother would kill herself if she ever found out.

Appellant would visit the complainant at night for the next few months and kiss her. The kissing progressed to digital penetration, which lasted for six months. Then appellant began performing oral sex on the complainant, and he asked that she perform oral sex on him as well. After the complainant had her first period, appellant had full penetrative intercourse with the complainant. She was thirteen.

Appellant continued to have intercourse with the complainant at least twice a week until the family moved to a new home, when the complainant was fifteen. Once the intercourse ended, appellant used lewd language in the complainant's presence, and he occasionally grabbed her butt.

2

The complainant did not speak of the abuse until her early twenties, when she was married and had two children of her own. The complainant broke down and told her husband about the abuse shortly after her daughter's birthday party, which appellant had attended. The complainant then reported the abuse to police, and the report eventually led to appellant's arrest.

## ALLEGED CHARGE ERROR

Appellant was charged with having intercourse with the complainant at a time when she was younger than fourteen years of age. He was not specifically charged with the other acts of sexual abuse. Believing that the evidence of the other acts amounted to evidence of extraneous offenses, appellant asserts that he was entitled to a limiting instruction and a reasonable-doubt instruction concerning such evidence. He also argues that the trial court reversibly erred by failing to give those instructions *sua sponte*.

We review complaints of charge error under a two-step process, considering first whether the trial court erred. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we determine that the trial court erred, we then analyze the error for harm under the procedural framework of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

The trial court must deliver to the jury "a written charge distinctly setting forth the law applicable to the case." *See* Tex. Code Crim. Proc. art. 36.14. That means that the trial court must ensure, at the very least, that the charge incorporates the law applicable to the criminal offense as set out in the indictment or information, as well as other general admonishments, including the presumption of innocence, proof beyond a reasonable doubt, and the requirement of a unanimous verdict. *See Delgado v. State*, 235 S.W.3d 244 (Tex. Crim. App. 2007). On these matters, the trial court has a *sua sponte* duty to ensure that the charge is accurate. *Id.*

But on defensive matters, which often turn on trial strategy, the trial court has no similar duty. The trial court is not required to give a limiting instruction concerning the use of extraneous-offense evidence unless the defendant requested a limiting instruction at the time the evidence was first admitted. *Id.* at 251. Nor is the trial court required to give an instruction regarding the burden of proof for such extraneous-offense evidence if the limiting instruction was not requested. *Id.* at 254. When the defendant fails to request a limiting instruction, the extraneous-offense evidence is admitted for all purposes, which means that a limiting instruction cannot be within "the law applicable to the case." *See Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001).

Normally, under Rule 404(b), evidence of an extraneous offense is not admissible at trial. *See* Tex. R. Evid. 404(b). However, there is an exception to this rule in certain prosecutions for crimes against children. In such prosecutions, evidence of an extraneous offense may be admitted "for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." *See* Tex. Code Crim. Proc. art. 38.37, § 1(b).

The trial court conducted a hearing outside the presence of the jury to determine whether the extraneous-offense evidence was admissible. At the end of the hearing, the court explained that the evidence would be admissible because the "incidents that [the complainant] talked about go specifically to the relationship of the parties and they are all relevant." Appellant objected "for purposes of the record only," but at no point—either at the hearing or when the evidence was first presented to the jury—did he request the trial court to give a limiting instruction.

Because appellant did not request a limiting instruction, the extraneous-offense evidence was admitted for all purposes, which meant that a limiting

4

instruction never became the law applicable to the case. Accordingly, the trial court could not have erred by failing to give a limiting instruction or a reasonable-doubt instruction *sua sponte*. *See Delgado*, 235 S.W.3d at 253–54.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In a related complaint, appellant argues that his trial counsel was ineffective because counsel did not request a limiting instruction or a reasonable-doubt instruction. We review such claims of ineffectiveness under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, the defendant must prove that his trial counsel's representation was deficient, and that the deficient performance was so prejudicial that it deprived him of a fair trial. *Id.* at 687.

To establish deficient performance, the defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or prejudice defeats the claim of ineffectiveness. *Id.* at 697.

Our review of counsel's performance is highly deferential, beginning with the strong presumption that counsel's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to counsel's strategy, we will not conclude that the defendant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the defendant is unable to meet

5

the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of counsel's performance for examination. *See Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Moreover, it is not sufficient that the defendant show, with the benefit of hindsight, that counsel's actions or omissions during trial were merely of questionable competence. *See Mata*, 226 S.W.3d at 430. Rather, to establish that counsel's acts or omissions were outside the range of professional competent assistance, the defendant must show that counsel's errors were so serious that counsel was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

Appellant did not file a motion for new trial complaining of counsel's alleged ineffectiveness, nor did counsel file an affidavit explaining his reasons for not requesting a limiting instruction or a reasonable-doubt instruction. Nevertheless, appellant argues that we should deem counsel ineffective on a silent record because no objectively reasonable strategy can be imagined for counsel's omissions.

The State counters that a reasonable strategy can be imagined, suggesting that counsel may have decided to not request the instructions so as to avoid drawing additional attention to undesirable evidence. The State alternatively suggests that counsel may have reasonably wanted the jury to hear the complainant's story without limitation so that he could then attack the plausibility of that story in its entirety.

6

Counsel's closing argument reflects such a strategy—he emphasized that there were hundreds of alleged acts of abuse, and yet the complainant waited years to make an outcry, despite having many earlier opportunities to report the abuse. The thrust of counsel's argument was that the jury should have rejected the complainant's testimony about the alleged intercourse, for which appellant was charged, as well as her testimony about all of the extraneous offenses. This strategy may have been risky, but we are unwilling to say that it fell below an objective standard of reasonableness.

Even if we determined that counsel's performance had been deficient, appellant has not established a reasonable probability that the outcome of the trial would have been different but for counsel's deficient performance. This case was a "he said, she said" trial, with the complainant testifying that appellant had sexually abused her, and appellant testifying that he did not. *See Hammer v. State*, 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009) ("Sexual assault cases are frequently 'he said, she said' trials . . . ."). A guilty verdict depended upon a finding that the complainant was credible, as the complainant was the only witness to provide details about the alleged abuse. Because the jury returned a guilty verdict, it necessarily found that the complainant's testimony about the alleged intercourse was true. There is no reasonable probability that this finding would have changed if the jury had received a limiting instruction and a reasonable-doubt instruction about the evidence of extraneous offenses. Put another way, had the jury received those additional instructions, it is unlikely that the jury would have determined that the extraneous acts occurred, but not the intercourse. *See Yzaguirre v. State*, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997) (defendant failed to show that he was prejudiced by absence of limiting instruction).

## MOTION FOR MISTRIAL

Appellant's final complaint focuses on the trial court's overruling of a motion for mistrial. The motion was made during the testimony of the complainant's therapist, whose answers often exceeded the scope of her questions.

Early during the therapist's examination, the State asked the therapist if she ever met with the complainant one-on-one. The therapist answered affirmatively, but she added that the complainant had been referred to her "due to childhood trauma." Appellant objected to this testimony as hearsay. The trial court sustained the objection and gave an instruction to disregard the answer *sua sponte*.

The State then asked the therapist about the purpose of the meeting. The trial court interrupted the therapist's answer, excused the jury, and then explained to the therapist that she could not discuss the reason for a referral, because it was hearsay.

When the jury returned to the courtroom, the State asked the therapist to describe how she observed the complainant. The therapist said that the complainant appeared "disheveled," and she elaborated on that description by discussing what the complainant had said during her meetings. Appellant objected to the hearsay, and the trial court sustained the objection.

The State then asked the therapist to describe what she personally observed "without going into what [the complainant] said." The therapist answered, "I observed a very strong individual that had physical, as well as psychological issues from a past trauma." Appellant objected once again. The trial court sustained the objection and gave an instruction to disregard *sua sponte*. Appellant then moved for a mistrial, which the trial court denied.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A

8

mistrial is a serious remedy, reserved for only extreme circumstances in which prejudice is incurable. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Whether a given error necessitates a mistrial must be determined by examining the particular facts of the case. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We will uphold the trial court's ruling if it falls within the zone of reasonable disagreement. *See Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

We consider three factors when assessing whether the trial court abused its discretion in refusing to grant a mistrial: (1) the severity of the prejudicial event, (2) the curative measures taken, and (3) the certainty of conviction absent the prejudicial event. *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

The first factor does not weigh in appellant's favor because the prejudicial effect of the therapist's testimony was not severe. The therapist said that the complainant had suffered from "past trauma." That testimony was unsolicited, and it was cumulative of what the complainant had already explained herself. *See Flores v. State*, 513 S.W.3d 146, 166 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (pediatrician's testimony that the complainant's story was convincing was not highly prejudicial where the complainant had already described the sexual assault and the jury was free to determine for itself whether the story was convincing).

The second factor does not weigh in appellant's favor either because the trial court gave an instruction to disregard without being requested to do so. We ordinarily presume that an instruction to disregard cures any error because the jury follows the trial court's instructions. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). The record does not reveal any reason to believe that the trial court's instruction to disregard was not effective in curing any prejudice.

9

We also conclude that the third factor does not weigh in appellant's favor. The complainant discussed in detail how she was abused by appellant, whereas the therapist generally indicated that the complainant had suffered from past trauma. It is unlikely that the therapist's testimony materially affected the proceedings by moving the jury from a state of non-persuasion to a state of persuasion. *See Flores*, 513 S.W.3d at 167.

Having considered all of the pertinent factors, we conclude that the trial court did not abuse its discretion by denying appellant's motion for mistrial.

## CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Busby, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).